Hightstown v. Glenn.

STATE, BOROUGH OF HIGHTSTOWN, PROSECUTOR, v.
JAMES GLENN.

The act of March 23d, 1883, providing that in boroughs of the third class the licensing power shall reside in the Courts of Common Pleas, is unconstitutional and void.

On *certiorari.*

Argued at November Term, 1884, before Justices VAN SYCKEL and KNAPP.

For the plaintiff, *A. S. Applegate* and *W. Y. Johnson.*

For the defendant, *R. M. J. Smith.*

The opinion of the court was delivered by

VAN SYCKEL, J.    A supplement to the act concerning inns and taverns, passed March 23d, 1883, provides as follows: "That hereafter, in all incorporated boroughs of this state of the third class, each and every license to keep inns and taverns, ale and beer saloons shall be granted by the Inferior Court of Common Pleas of said county wherein such borough is situated, and the moneys received for such licenses shall be paid over by the collector of such county to the treasurer, collector or other financial custodian of such town or borough." *Pamph. L., p.* 221.

Prior to the passage of this act, the common council of the borough of Hightstown had the exclusive right to grant licenses within the borough.

After the passage of said act, license to keep an inn and tavern in Hightstown was granted to the defendant by the Court of Common Pleas of Mercer county.

The relators insist that the above-recited act, by virtue of which the Common Pleas assumed to grant the license, is unconstitutional and void.

In 1882, (*Pamph. L., p.* 47,) the legislature classified cities as follows : First class, exceeding in population one hundred thousand; second class, not less than twelve thousand nor more than one hundred thousand ; third class, not embraced in first or second class.

In 1883, (*Pamph. L., p.* 157,) an act was passed classifying boroughs and incorporated villages under the name of boroughs, as follows : First class, population exceeding three thousand; second class, not less than fifteen hundred nor more than three thousand ; third class, all other boroughs.

The classification upon which the legislation of March 23d, 1883, depends for its validity is, I think, under the adjudged cases, clearly illusory.

In *Van Riper* v. *Parsons,* 11 *Vroom* 1, 9, the Chief Justice said : " That if a law should declare that all cities containing a population in excess of a certain number, should have a certain system of laying out streets, and all having a lesser number a different system, such a classification would be clearly illusive, inasmuch as the law thus enacted would bear no affinity to the qualities or attributes forming the basis of classification."

And in further considering the question of classification the Chief Justice says, in *State* v. *Hammer,* 13 *Vroom* 435, 440 : " The true principle requires something more than a mere designation by such characteristics as will serve to classify, for the characteristics which thus serve as the basis of classification must be of such nature as to mark the objects so designated as peculiarly requiring exclusive legislation."

There must be such qualities or characteristics as make the object to which the legislation applies a distinct class by itself. *Rutgers* v. *New Brunswick,* 13 *Vroom* 51.

A statute purporting to confer upon all cities having a population of not less than twenty-five thousand inhabitants, the power of issuing bonds to fund their floating debt, is a special law and in violation of the constitutional amendment which forbids the passing of special laws to regulate the internal affairs of towns. *Anderson* v. *City of Trenton,* 13

*Vroom* 486. In delivering the opinion in this case, Justice Dixon said: "I am unable to see any natural connection between the number of people in a city and its right to fund its floating debt. It is true that there may be some propriety in denying this authority to very small municipalities and granting it to larger ones, but the same may be said of almost every power usually possessed by cities."

What characteristics mark boroughs with a population under three thousand, as a class peculiarly requiring legislation which should not apply to boroughs with a population in excess of three thousand?

What natural relation is 'there between a borough with thirty-one hundred inhabitants and the right of its common council to grant licenses, which does not exist where the population is twenty-five hundred?

The classification by population for the purpose of the legislation in question is illusory.

For another reason the act of March, 1883, must be regarded as special and local in its operation, and therefore void. Hightstown has a population of less than fifteen hundred, and is therefore in the third class of boroughs.

But the act does not apply to the city of Egg Harbor, which has a population of less than fifteen hundred, because it is incorporated as a city, and is therefore not included by the act in question. The city of Egg Harbor has the exclusive power by its common council to grant licenses. So the cities of Woodbury, Beverly and Cape May, with a population between fifteen hundred and three thousand, are classified for legislation as cities of the third class, while the villages of Orange and Irvington and the boroughs of Washington, South Orange and others of like population are classified for legislation as boroughs of the second class.

The same observation is true with regard to the first class of boroughs. Thus, it appears that the classification acts of 1882 and 1883 are not general in their operation even upon the basis of population. Legislation under this classification will not apply to certain municipal corporations, incorporated

as cities, which would apply to them if incorporated as boroughs or villages. The mere change of name from city to borough will take them out of the operation of one class of legislation and subject them to the operation of another and different class.

The act under which the license in the case certified was granted regulates the internal affairs of Hightstown. *Tiger* v. *Morris Pleas*, 13 *Vroom* 631.

It is special and local, and therefore unconstitutional and void.

The proceedings below should be set aside.